## GREEN v. SOUTHERN TIMBER CO.

(District Court, S. D. Georgia, E. D. June 26, 1920.)

Logs and logging ⬅➡3(9)—Reservation of shore strip construed.

Exception or reservation in timber conveyance of "timber or trees standing within 150 feet of the margin of the uplands. * * * The intent * * * is to save and except such * * * trees as stand within 150 feet of the river front, this margin being reserved for the purpose of protecting the bluff or river frontage from the encroachment of the tides"— held to reserve all trees and timber standing within 150 feet from the line where the water (whether on marsh land or otherwise) touches the upland; the intention being, not to fix the boundary only at those portions of the river where the land was so high as to be a bluff, but to reserve a frontage on the land contiguous to the water 150 feet wide.

In Equity. Suit by Gay Green against the Southern Timber Company. Decree for complainant.

H. Wiley Johnson, of Savannah, Ga., for plaintiff.
Adams & Adams, of Savannah, Ga., for defendant.

BEVERLY D. EVANS, District Judge. The owner of land conveyed certain timber thereon by an instrument containing the following exception and reservation:

"Excepting and reserving, however, from said granted and leased premises the timber or trees standing within 150 feet of the margin of the uplands; it being understood and agreed that said excepted timber or trees is not to be turpentined or cut, and that no railroad or tramroad through the said mar-

⬅➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

gin of timber shall be built or run up and down said margin, except directly through the same, to a place of landing wherever necessary. The intent and meaning of this reservation or exception is to save and except such standing timber and trees as stand within 150 feet of the river front; this margin being reserved for the purpose of protecting the bluff or river frontage from the encroachment of the tides."

The controlling question on the interlocutory hearing for an injunction against a purchaser from the grantee to restrain the cutting and removal of the timber alleged to have been reserved is the construction of the above exception or reservation.

I construe the exception in the timber lease to reserve all trees and timber standing within 150 feet from the line where the water (whether on marsh land or otherwise) touches the upland. I reach this conclusion by giving effect to the words of the exception, and of the grantor's interpretation of them, so as to give to both a reasonable effect. The exception definitely fixes that line as the "margin of the upland." The interpretative clause calls it the "river front." The purpose of the grantor, as stated by him, was to protect "the bluff or river frontage from encroachment of the tides." Construing both clauses together, I do not think that the words "bluff" and "river frontage" were intended to fix the boundary only at those portions of the river where the land was so high as to be a bluff, but the grantor's purpose was to reserve a frontage on the land continguous to the water 150 feet wide. This view is strengthened by the provision in the exception that no railroad or tramroad shall be run up and down "said margin." This provision is a negation of the lateral use of the upland excepted, and evidently was intended to prevent the construction of a railroad or tramroad over the upland within 150 feet of the water line, for its entire length.

Giving this construction to the reservation in the lease, a pendente lite injunction, in view of the other facts in the record, should be granted.